IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA EMPLOYEES | : | CIVIL ACTION |
| BENEFIT TRUST FUND | : | |
| | : | |
| v. | : | |
| | : | |
| ASTRAZENICA PHARMACEUTICALS,L.P. | : | NO. 08-cv-04787-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                               November 12, 2008

On April 24, 2007, plaintiff filed a "Consolidated Complaint" in the Court of Common Pleas of Philadelphia County, naming as defendants AstraZenica Pharmaceuticals, L.P., Eli Lilly & Company, Inc., and Janssen Pharmaceutica, Inc. The named defendants removed the case to this Court, where it was assigned to my colleague Judge Pratter. Plaintiff sought to have the case remanded, because it had been improperly removed. In a comprehensive opinion dated October 5, 2007, Judge Pratter ruled (1) that no federal claims were being asserted, and that the only permissible basis for federal jurisdiction was diversity of citizenship; (2) that one of the named defendants, Eli Lilly & Company, Inc., was a citizen of Pennsylvania, as was plaintiff; and (3) that Eli Lilly had not been fraudulently joined. Judge Pratter left open the question whether the joinder of all three defendants in one action was procedurally permissible under state law, and opined that that issue should best be decided by the

state court.  The case was, accordingly, remanded to the Common Pleas Court.

On May 5, 2008, the Common Pleas Court ruled that the three defendants had been improperly joined in one action, and should be severed.  The Court ordered plaintiff to file separate complaints against each of the defendants.  Plaintiff did so and, after it was served with the new complaint, the defendant, AstraZeneca, removed the action to this Court.  Plaintiff has now filed a motion to remand, on the theory that the defendant's removal was untimely.  Plaintiff argues that the present case became removable, and plaintiff should have realized it was removable, on May 5, 2008, when the Common Pleas Court granted the severance and ordered the filing of individual complaints against each of the defendants.  Plaintiff also argues that the removal petition was filed more than one year after the action was commenced.  In other words, plaintiff argues that the present case is the same case as that which was initially filed in April 2007, and that it became removable when plaintiff learned, through the severance order of May 5, 2008, that the non-diverse defendant was no longer in (this part of) the original case.  I am inclined to reject this reasoning.

The case which is now before this Court did not exist as a separate, removable, case until the present new complaint was filed in compliance with the May 5, 2008 Order.  Stated

otherwise, there was nothing which could have been removed, until the new complaint was filed.  Since the defendant filed its petition for removal within 30 days after service of the new complaint, I conclude that the removal was indeed timely in all respects.  The motion for remand will therefore be denied.

    An Order follows.

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PENNSYLVANIA EMPLOYEES        :    CIVIL ACTION
BENEFIT TRUST FUND            :
                              :
        v.                    :
                              :
ASTRAZENICA PHARMACEUTICALS,L.P. :  NO. 08-cv-04787-JF
```

ORDER

AND NOW, this 12th day of November 2008, upon consideration of plaintiff's motion to remand this action to the Court of Common Pleas of Philadelphia County, and defendant's response, IT IS ORDERED:

That the motion is DENIED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.